UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Wayne Apotosky,                                            Case No. 4:15-cv-1726

        Petitioner

    v.                                                       MEMORANDUM OPINION
                                                                         AND ORDER

R. Hanson, Warden, et al.,

        Respondents

       *Pro se* petitioner Wayne Apotosky is a federal prisoner incarcerated in the Federal Correctional Institution in Elkton, Ohio. He was convicted in 2009 in the United States District Court for the Western District of New York, pursuant to a written plea agreement, to an Information charging him with two counts of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). *See United States v. Apotosky*, Case No. 09 CR 166-A (W.D. N.Y.). He indicates he has filed a motion to vacate, set aside, or correct his sentence in the sentencing court pursuant to 28 U.S.C. § 2255, which is still pending.

       Petitioner has now filed this habeas action pursuant to 28 U.S.C. § 2241, seeking dismissal of the federal charges against him in the 2009 case on the basis of the Government's alleged violation of Article III of the Interstate Agreement on Detainers, 18 U.S.C. App. 2, Article III(d).[1] He has paid the filing fee.

       "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be

---

[1] Petitioner's motion to amend his petition (Doc. No. 3) is granted.

1

granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Under this provision, the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id.*

It is evident from the face of the petition that petitioner is not entitled to § 2241 relief. Title 28 U.S.C. §§ 2255 and 2241 provide the general statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 is the primary avenue of relief for federal prisoners to challenge their conviction or sentence, while § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Thus, "courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255 . . ., and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).

In very narrow circumstances, a prisoner may challenge his conviction in the custodial court under § 2241. To do so, a prisoner must show that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). To show that a § 2255 proceeding is ineffective, however, the prisoner must make a claim of "actual innocence" based on a new rule of law made retroactive by the Supreme Court. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

Petitioner seeks to challenge his federal conviction, not merely the execution or manner in which his sentence is served, and he has not raised a claim of actual innocence based on a retroactively-applicable rule of law.   Accordingly, he is not entitled to relief by way of § 2241.

## Conclusion

For the reasons stated above, this petition for a writ of habeas corpus under § 2241 is dismissed.   I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

                                                s/Jeffrey J. Helmick
                                                United States District Judge